IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

BERNICE S. WALKER,

    Plaintiff,

v.

STERICYCLE, INC.,

    Defendant.

Case No. 3:25-cv-88

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND

Now comes Plaintiff, Bernice S. Walker ("Ms. Walker" or "Plaintiff"), by and through her attorney, and hereby complains against Defendant, Stericycle, Inc. ("Stericycle" or "Defendant") as follows:

## INTRODUCTION

1. Ms. Walker brings this action against Defendant for race discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq*, Section 1981, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.

2. This action arises out of Ms. Walker's employment with Stericycle and the company's unlawful discriminatory employment practices.

## THE PARTIES

3. Ms. Walker is a resident of the State of North Carolina.

1

4.      Stericycle is an Illinois for profit corporation conducting business within the County of Mecklenburg, North Carolina. Defendant acted by and through its managers, owners, and other agents.

## JURISDICTION AND VENUE

5.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question.) Venue is proper in this district and division under 28 U.S.C. § 1391 because Defendant conducts business in this district and division and the unlawful actions and practices alleged herein were committed within Western District of North Carolina.

6.      This Court has jurisdiction over all parties set forth herein.

## ADMINISTRATIVE REQUIREMENTS

7.      Ms. Walker filed a Charge of Discrimination against Stericycle with the Equal Employment Opportunity Commission within 180 days of the acts complained of in this Complaint. Ms. Walker received a Notice of Right to File Suit on September 10, 2024, and on December 9, 2024, Plaintiff, through her counsel, sought an extension of time within which to initiate her lawsuit. This action is filed within the deadline provided in the extension of time.

## STATEMENT OF FACTS

8.      On or around August 27, 2016 Stericycle hired Ms. Walker into the position of Program Manager.

9.      Ms. Walker is a 57-year-old African American female.

10.     At all relevant times, Ms. Walker was one of two African American employees within the Company's National Accounts Shred-It Division.

11.     Ms. Walker performed well in her position and met Defendant's legitimate expectations. This is demonstrated through her performance record.

*i.* ***Stericycle Has a Pattern and Practice of Denying Ms. Walker a Promotion Due to Her Age and Race.***

12. In or about April 2022, two National Account Manager positions opened up. Ms. Walker was qualified for both positions based on her experience and education.

13. Stericycle was aware that Plaintiff was interested in a National Account Manager position because she informed management and because was told that she was being groomed for the position.

14. Despite Ms. Walker's known interest in the position, Stericycle failed to open the application process up to all qualified employees, and/or intentionally omitted Ms. Walker from being able to apply, and instead awarded the positions to two less qualified younger Caucasian employees.

15. Indeed, Jenna Wilson ("Ms. Wilson"), a 37-year-old Caucasian, and Sean O'Connor ("Mr. O'Connor"), a 35-year-old Caucasian, were promoted.

16. Neither Ms. Wilson nor Mr. O'Connor had the necessary sales experience or national account management required for the position.

17. Under information and belief, Stericycle intentionally excluded Ms. Walker from the application process by not openly advertising the positions. This was done in an effort to exclude a qualified African American candidate over the age of 50 from the position.

18. Stericycle's practice has the effect of disparately impacting African American candidates, such as Ms. Walker.

*ii.* ***Stericycle Continues Its Pattern and Practice of Discrimination and Denies Ms. Walker a Promotion to National Account Manager.***

19. In or about October 2022, a National Account Manager position opened.

20. Ms. Walker was qualified for the position based on her education and experience. In fact, Ms. Walker trained Stericycle's Director on the company's business functions of Facility

Management companies and Group Purchasing Organizations.

21. Further, Ms. Walker had been groomed for the position by the then-current National Account Manager and the Director between July 2020 and October 2022. Thus, she was set to be next in line for the role.

22. Stericycle once again denied Ms. Walker the National Account Manager position and instead hired a less qualified Caucasian male aged 44.

23. Ms. Walker was more qualified for the position selected based on her years of experience in the industry, and with the company. She had the necessary sales and management experience. For example, Ms. Walker was instrumental in negotiating $3.4 million in new contracts. Her efforts resulted in $88,000 in commissions paid to the then current National Account Manager.

### iii. *Stericycle Denies Ms. Walker a Promotion to Account Manager*

24. In or about November 2022, Ms. Walker applied for an open position of Account Manager. The position was a promotion from her role as a Program Manager.

25. Ms. Walker was qualified for the position of Account Manager as she had nine years of experience as an Account Manager, as well as her years of service with Stericycle acting as Program Manager.

26. Despite her qualifications, Stericycle once again selected a less qualified Caucasian candidate for the role.

27. Stericycle did not have a non-discriminatory reason for denying Ms. Walker the positions she sought.

28. Instead, the denial of the promotions was due to Ms. Walker's race and her age. Had she been Caucasian and younger than 50, Defendant would have promoted her.

29. By denying Ms. Walker the positions identified above, Stericycle discriminated against her due to her age and race.

30. Ms. Walker has sustained damages as a result of Defendant's actions, including lost wages, attorneys' fees, and damages for emotional distress and mental anguish.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964 and Section 1981
### Race Discrimination in Failure to Promote

31. Plaintiff incorporates by reference the preceding paragraphs.

32. When Defendant denied Ms. Walker a promotion to National Account Manager positions and Account Manager, and instead hired less qualified Caucasian candidates, Defendant promoted discrimination on the basis of race.

33. Ms. Walker was qualified to perform the positions she sought based on her experience and tenure with the company.

34. As an African American, Ms. Walker was in a class of employees protected by Title VII.

35. Others outside of Ms. Walker's race were treated more favorably in the terms and conditions of employment.

36. Had Ms. Walker been Caucasian, she would have been selected for the National Account Manager or Account Manager role.

37. Indeed, Ms. Walker's race was a motivating factor in Defendant's decision to deny her the promotions she sought.

38. Defendant's actions in subjecting Ms. Walker to different terms and conditions of employment based on her sex constitutes unlawful discrimination in violation of Title VII and

Section 1981. Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

39. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

40. The effect of the conduct was to deprive Plaintiff of equal employment opportunity and otherwise adversely affect Plaintiff's status as an employee because of her race.

41. As a direct and proximate result of these actions, Plaintiff has been made a victim of acts that adversely affected her psychological and physical well-being, as well as causing lost compensation and benefits.

42. Pursuant to Title VII and Section 1981, Plaintiff is entitled to damages, including but not limited to back pay and lost benefits, compensatory damages, punitive damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under Title VII and Section 1981.

**COUNT II**
**Violation of the Age Discrimination in Employment Act**
**Failure to Promote**

43. Plaintiff incorporates by reference the preceding paragraphs.

44. Defendant has the requisite number of employees to make it subject to the Age Discrimination in Employment Act.

45. Defendant was Plaintiff's employer as that term is defined by the Age Discrimination in Employment Act.

46. Defendant failed to promote Plaintiff into the position of National Account Manager and Account Manager because of her age.

47. Defendant's actions were willful and in reckless disregard for Plaintiff's rights and sensibilities.

48. As a result of Defendant denying Plaintiff a promotion in violation of the Age Discrimination in Employment Act, Plaintiff has incurred lost wages, lost employment benefits, and other economic losses, all in an amount to be determined at trial in this matter and she will continue to incur such economic damages in the future.

49. In addition, Plaintiff has incurred attorneys' fees and costs of litigation, including expert witness fees due to Defendant's discriminatory employment practices.

50. Defendant is liable to Plaintiff for her economic damages, including back pay, lost benefits, lost equity, front pay, liquidated damages, interest, attorneys' fees, costs of litigation, including expert witness fees, and other relief pursuant to the Age Discrimination in Employment Act.

## **RELIEF REQUESTED**

Wherefore, Plaintiff requests a trial by jury in this matter and that she be awarded the following relief:

a. That Plaintiff recover lost wages and benefits, including front pay in an amount to be proven at trial;

b. That Plaintiff recover damages for the significant emotional distress and mental anguish caused by Defendant's unlawful actions;

c. That Plaintiff recover punitive and exemplary damages in an amount to be proven at trial; and

d. All other relief as the Court deems just and proper.

Respectfully submitted this 20th day of February, 2025

>*/s/ Michael C. Harman*
>Michael C. Harman, NCSB #43802
>HARMAN LAW, PLLC
>10224 Hickorywood Hill Ave., Suite 202
>Huntersville, NC 28078
>T: (704) 885-5550
>F: (704) 885-5551
>michael@harmanlawnc.com
>
>*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

THE UNDERSIGED HEREBY CERTIFIES that the pleading to which this certificate is attached was electronically filed with the Clerk of the Court for the United States District Court for the Western District of North Carolina by using the CM/ECF system on February 20, 2025, which will send notice of such filing to the following registered CM/ECF users:

>Matthew Brown
>Littler Mendelson, PC
>620 South Tryon Street, Suite 950
>Charlotte, NC 28202
>mabrown@littler.com

>Respectfully submitted,
>
>*/s/ Michael C. Harman*
>Michael C. Harman
>*Attorney for Plaintiff*